IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DIEGO MADRID, JR., and
DIEGO MADRID, SR.,

Plaintiffs,

VS.                                            Case No. 1:21-cv-1173

ANNETT HOLDINGS, INC., D/B/A TMC, and
ROBERT EUGENE MUNSON,

Defendants.

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW Diego Madrid, Jr. and Diego Madrid, Sr. ("Plaintiffs"), and sue Annett Holdings, Inc., d/b/a TMC and Robert Eugene Munson ("Defendants"), and would respectfully show the Court as follows:

### A. PARTIES

1. Plaintiffs are residents and citizens of the State of Texas.

2. Defendant, Annett Holdings, Inc., d/b/a TMC is an Iowa corporation doing business in the State of Tennessee and may be served with process by serving its BOC-3 Designated Process Agent, National Resident Agent Service, Inc., c/o Turney Thompson, 2001 Riverside Drive, Chattanooga, TN 37406.

3. Defendant, Robert Eugene Munson, is an adult, resident and citizen of the State of Arkansas and may be served at his residence, 11 Billingsley Dr., Bella Vista, Arkansas 72715.

### B. JURISDICTION AND VENUE

4. This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because

the suit is between Plaintiffs, citizens of Texas, and Defendants, one of which is a citizen of Arkansas and the other is an entity with a citizenship of Iowa for jurisdictional purposes, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Venue in this district is proper because all or a substantial portion of the acts or events giving rise to the claim and the acts and/or omissions of negligence that proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiffs occurred within the territorial limits of Madison County, Tennessee.

## C. FACTS

6.      Defendant, Annett Holdings, Inc., d/b/a TMC, is registered with the U.S. Department of Transportation under DOT number 87409.

7.      TMC's motor carrier number is MC-115730.

8.      The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case, and both TMC and Defendant Munson were subject to, and were required to obey, these regulations at the time of the collision and at all relevant times prior to the collision.

9.      It has become necessary for Plaintiffs to file this lawsuit to recover compensatory damages as a result of a motor-vehicle collision that occurred on or about November 11, 2020. On such date, Plaintiff, Diego Madrid, Jr., was parked at the Pilot Flying J Travel Center located at 30 Sand Pebble Rd., Jackson, Madison County, Tennessee, when suddenly and without warning an 18-wheeler rig being operated by Defendant, Robert Eugene Munson, crashed into the vehicle he was occupying, causing the collision and damages in question.

10.     At all times material, Defendant, Annett Holdings, Inc., d/b/a TMC, was the owner, motor carrier and/or operator, as applicable, of the 18-wheeler rig Defendant, Robert Eugene

Munson, was operating at the time of the occurrence in question.

11. Munson was a professional, commercial truck driver.

12. Munson drove the 18-wheeler rig with the permission, and at the direction, of TMC.

13. At the time of the occurrence in question, Defendant, Robert Eugene Munson, was operating the 18-wheeler rig within the course and scope of his authority, agency and/or employment and in furtherance of the business affairs of Defendant, Annett Holdings, Inc., d/b/a TMC, as its agent, employee and/or statutory employee.

14. At all times relevant to this action, Defendant, Annett Holdings, Inc., d/b/a TMC, was acting by and through its statutory employees/agents and is responsible for the acts and/or omissions of negligence of those employees and agents, including Defendant, Robert Eugene Munson, that proximately caused the occurrence in question and Plaintiffs' resulting injuries and damages pursuant to *respondeat superior*, agency, statutory employee, or similar theory of law.

### D. <u>NEGLIGENCE OF ROBERT EUGENE MUNSON</u>

15. Plaintiffs adopt and incorporate all preceding statements and allegations of fact as if fully set forth herein.

16. At the time and on the occasion in question, Defendant, Robert Eugene Munson, owed Plaintiffs a duty to exercise due care and to operate the subject 18-wheeler rig as a reasonable and prudent operator would under the existing circumstances, including a duty to maintain a safe and proper lookout, control his speed, keep his vehicle under proper control to avoid the collision, and to devote full time and attention to operating the vehicle.

17. At the time and on the occasion in question, the Defendant, Robert Eugene Munson, breached his duty of care in the operation of the vehicle he was driving in one or more of the following particulars:

    a)    Failure to maintain a safe and proper lookout;

    b)    Failure to control his speed;

    c)    Failure to keep his vehicle under proper control to avoid the collision;

    d)    Failure to timely apply brakes;

    e)    Failure to devote full time and attention to operating the vehicle;

    f)    Failure to maintain a safe distance between his vehicle and Plaintiffs' vehicle;

    g)    Failure to take timely and proper evasive action;

    h)    Distracted driving; and/or

    i)    Violations of applicable provisions of the Federal and State Motor Carrier Safety Regulations concerning, as applicable and as the evidence may show, driver qualification, medical condition, hours of service, or vehicle and equipment (negligence per se).

The above acts and/or omissions of negligence and negligence per se, as applicable and as the evidence will reveal, singularly or in combination, proximately caused the occurrence in question and the injuries and damages sustained by Plaintiffs.

## E. NEGLIGENCE OF ANNETT HOLDINGS, INC. D/B/A TMC

18.    Plaintiffs adopt and incorporate all preceding statements and allegations of fact as if fully set forth herein.

19.    Defendant, Annett Holdings, Inc., d/b/a TMC as an authorized US DOT motor carrier had a duty to properly train its drivers.

20.    TMC was negligent in retaining Munson to drive the tractor-trailer at issue.

21.    TMC failed to supervise its employee, agent, and/or contractor, Munson.

22.    Plaintiffs also allege that the Defendant, Annett Holdings, Inc., d/b/a TMC, committed acts and/or omissions of negligent entrustment and/or negligence in providing the

4

means for Defendant, Robert Eugene Munson, to be entrusted and/or provided the 18-wheeler rig in question to an incompetent driver.

23. Defendant, Annett Holdings, Inc., d/b/a TMC, knew or should have known of Defendant driver's incompetence had it properly screened and qualified Defendant, Robert Eugene Munson, as a commercial driver.

24. Such negligence and negligent entrustment proximately caused the collision in question and the injuries and damages suffered by Plaintiffs.

25. TMC will be shown at trial to have violated one or more of the Federal Motor Carrier Safety Regulations, which constitutes negligence *per se*, including, but not limited to:

§ 390 General

§ 391 Qualifications of Drivers

§ 392 Driving of Commercial Motor Vehicles

§ 395 Hours of Service

26. The Defendants' negligence, either separately or combined, proximately caused the collision with Plaintiff, and the resulting damages and injuries.

## D. INJURIES AND DAMAGES

27. Plaintiffs adopt and incorporate all preceding statements and allegations of fact as if fully set forth herein.

28. As a direct and proximate result of the negligence of the Defendants referenced above, Plaintiff, Diego Madrid, Jr., sustained physical injuries and damages from which he now suffers and, in all probability, will continue to suffer into the future in terms of physical pain, mental anguish, physical impairment, loss of earning capacity and the incurring of medical bills and expenses in the past and in the future.

29. The vehicle occupied by Plaintiff, Diego Madrid, Jr., was owned by Plaintiff, Diego Madrid, Sr. As a direct and proximate result of the negligence of the Defendants referenced above, Plaintiff, Diego Madrid, Sr.'s vehicle was damaged. Plaintiff, Diego Madrid, Sr., seeks damages for loss of use of the vehicle, lost profits and for the diminished value of the vehicle as a result of the damage sustained in the subject crash.

## E. RELIEF SOUGHT

WHEREFORE, Plaintiffs pray that the following relief be granted:

a. For a copy of this Complaint to be served on the Defendants;

b. A trial by jury;

c. That Plaintiff, Diego Madrid, Jr., obtain judgment against the Defendants in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case, not to exceed the sum of $1,000,000.00;

d. That Plaintiff, Diego Madrid, Sr., obtain judgment against the Defendants in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case, not to exceed the sum of $100,000.00;

e. That Plaintiffs be awarded pre-judgment and post-judgment interest on the items of damages allowed by law.

f. Court costs and discretionary costs; and

g. For all such further and general relief which this Court deems just and proper.

       Respectfully submitted,

       LAW OFFICES OF JEFFREY A. GARRETY, P.C.

BY: <u>s/ Charles L. Holliday</u>
   CHARLES L. HOLIDAY, #025459
   Attorney for Plaintiff
   Post Office Box 10308
   Jackson, Tennessee 38308-0105
   (731) 668-4878
   chuckh@garretylaw.com