## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| DIEGO MADRID, JR. and | ) | |
| DIEGO MADRID, SR., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | No. 1:21-cv-1173-STA-jay |
| | ) | |
| ANNETT HOLDINGS, INC. d/b/a TMC and | ) | |
| ROBERT EUGENE MUNSON, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER GRANTING MOTION FOR PARTIAL DISMISSAL

Before the Court is Annett Holdings, Inc.'s Motion for Partial Dismissal (ECF No. 21) filed December 17, 2021.  Plaintiffs Diego Madrid, Jr. and Diego Madrid, Sr. have responded in opposition, and Defendant has filed a reply.  The parties having fully briefed the issues, the Motion is now ripe for determination.  For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

According to the Complaint, Plaintiff Diego Madrid, Jr. was parked and sitting in a tractor-trailer at a Pilot Flying J Travel Center in Jackson, Tennessee, when another tractor trailer driven by Defendant Robert Eugene Munson collided with Madrid's tractor trailer.  Madrid's tractor trailer was owned by his father Plaintiff Diego Madrid, Sr.  Munson was operating a tractor trailer owned by Defendant Annett Holdings, Inc. and acting within the course and scope of his employment with the company.  Plaintiffs would hold Munson liable for his own acts of

negligence in causing the collision as well as Annett Holdings for its negligent hiring, training, supervision, and retention of Munson as its employee.

Defendants have filed an Answer admitting the fact that Munson was acting in the course and scope of his employment with Annett Holdings.  In its Motion for Partial Dismissal, Annett Holdings argues that the Court should therefore dismiss Plaintiffs' direct negligence claims against the company.  Defendant cites authority from two other United States District Courts sitting in the state of Tennessee as well as a number of other jurisdictions, all of which have held that once an employer admits that its employee was acting in the course and scope of his employee, a plaintiff may only pursue its negligence claims under a theory of respondeat superior.  A plaintiff may not pursue direct negligence claims against the employer for its own independent acts of negligence.  Plaintiffs counter that the authority on the question presented is fairly evenly divided and that the Tennessee courts have never fully answered it.  Plaintiffs do point out that the Tennessee Court of Appeals did issue a decision rejecting Defendants' argument.  However, that ruling was subsequently vacated.  Plaintiffs argue that in light of Tennessee principles of comparative fault, the Court should allow both their negligence claims against Munson as well as their direct negligence claims against Annett Holdings to proceed.

**<u>STANDARD OF REVIEW</u>**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). However, legal conclusions or unwarranted factual inferences need not be accepted as

true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).  In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In this case the Court has subject-matter jurisdiction by virtue of the parties' diversity of citizenship and the amount in controversy.  28 U.S.C. § 1332.  A federal court sitting in diversity applies the law of the forum state, including the forum's choice-of-law rules.  *Atl. Marine Constr. Co. Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 582 (2013); *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 692 (6th Cir. 2013).  As in any case where the Court has jurisdiction based on the parties' diversity of citizenship and Tennessee law applies, the Court has as its task to anticipate or predict how the Tennessee Supreme Court would decide the

issues based on all of the available data. *Fox v. Amazon.com, Inc.*, 930 F.3d 415, 422 (6th Cir. 2019) (citing *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012)).  This includes the published opinions of the Tennessee Court of Appeals. *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 358 (6th Cir. 2018) (citing Tenn. Sup. Ct. R. 4(G)(2) for the proposition that a published opinion of the Tennessee Court of Appeals is "controlling authority for all purposes unless and until such opinion is reversed or modified by a court of competent jurisdiction").

## ANALYSIS

The issue presented is whether Plaintiffs' direct negligence claims against Annett Holdings are precluded now that Annett Holdings has admitted that its driver Robert Eugene Munson was acting in the course and scope of his employment, effectively conceding its possible liability for Munson's alleged negligence under the doctrine of *respondeat superior*. "Under the doctrine of *respondeat superior*, a principal can be held vicariously liable for the tortious conduct of its agent if the agent was acting on the principal's business and within the scope of his or her employment when the injury occurred." *Bowman v. Benouttas*, 519 S.W.3d 586, 597 (Tenn. Ct. App. 2016) (citing *Tucker v. Sierra Builders*, 180 S.W.3d 109, 120 (Tenn. Ct. App. 2005)).  As the parties concede, the Tennessee Supreme Court has not directly answered the question, so the Court is left to predict how the Tennessee courts would address the matter based on all of the available data.

The Court finds the Tennessee Supreme Court's decision in *Ali v. Fisher*, 145 S.W.3d 557 (Tenn. 2004) instructive, even if the case is not dispositive.  The issue presented in *Ali* was whether an "owner-entrustor could not be held vicariously liable for the actions of the driver-entrustee" where an injured plaintiff in an auto collision alleges negligence against the driver-

4

entrustee and negligent entrustment against the owner-entrustor of the car driven by the driver-entrustee. *Ali*, 145 S.W.3d at 561. The jury in *Ali* had found the negligent driver 80% at fault and the owner of the car 20% at fault for the plaintiff's injuries. The trial court held the owner of the car vicariously liable for the negligent driver's share of the fault, effectively making the owner liable for the full amount of the plaintiff's damages.

The Tennessee Supreme Court reversed, reasoning that "fault in a negligent entrustment case must be apportioned between the entrustor and an entrustee" and in accordance with "the principles of comparative fault." *Id.* at 562–63. The Tennessee Supreme Court explained in *Ali* that "the allocation of fault by the jury between the entrustor and the entrustee is entirely consistent with" Tennessee's law of comparative fault. *Id.* at 563–64 (citing *McIntyre v. Balentine*, 833 S.W.2d 52, 58 (Tenn. 1992)). Furthermore, a separate allocation of fault was appropriate because "[t]he act of negligent entrustment and the act of negligent operation of a vehicle are separate and distinct." *Id.* at 564. Stopping here, the Tennessee Supreme Court's holding would appear to support Plaintiffs' theory that Tennessee would permit a plaintiff to pursue claims for the negligence of a driver (Monson) and claims for the direct negligence of the owner of the vehicle (Annett Holdings).

However, the *Ali* court went on to note that its holding was subject to well-recognized exceptions to "the system of comparative fault," including cases involving *respondeat superior*. *Id.* at 564 (citing *Browder v. Morris,* 975 S.W.2d 308, 311–12 (Tenn. 1998) ("A second exception is where vicarious liability is based on an agency relationship between a principal and the principal's negligent agent, such as the family purpose doctrine or *respondeat superior*."). This exception matters in this case where Annett Holdings has admitted in its Motion to

Dismiss[1] that Munson was its employee and that Munson was acting in the course and scope of his employment.  This admission means Annett Holdings would be liable for any fault assigned to Munson and any damages resulting from Munson's alleged negligence under the doctrine of *respondeat superior*.  As other courts to adopt the "preemption rule" have observed, to permit a plaintiff to pursue direct negligence claims against a defendant-employer after the employer has conceded liability for its employee's possible negligence would "not enlarge the plaintiff's potential recovery and requires the introduction of proof that may be unduly prejudicial to the defendant."  *Swift et al v. Old Dominion Freight Lines*, No. 2:20-cv-02758-MSN-tmp, Order Granting in Part, Denying in Part Mot. for Summ. J., (W.D. Tenn. Jan. 31, 2022).

Every other United States District Court sitting in the state of Tennessee to have considered this question has reached the same result.  In *Ryans v. Koch Foods, LLC*, the Eastern District of Tennessee predicted that "the Supreme Court of Tennessee would follow the majority position and hold that where an employer has admitted *respondeat superior* liability, a plaintiff cannot sustain a separate claim against the employer for negligent hiring, entrustment, supervision, or training."  *Ryans v. Koch Foods, LLC*, No. 1:13-cv-234-SKL, 2015 WL 12942221, at *9 (E.D. Tenn. July 8, 2005) (Lee, M.J.) (citing *Ali*, 145 S.W.3d at 564).  The Middle District of Tennessee has since accepted *Ryans*'s reasoning about *Ali* and agreed that "Tennessee's recognition that the doctrine of *respondeat superior* requires exceptions to the general rule of allocation of fault under the comparative fault system weighs in favor of the preemption rule."  *Freeman v. Paddack Heavy Transp., Inc.*, No. 3:20-cv-00505, 2020 WL

---

[1] For his part Munson has made similar admissions in his pleadings.  Munson's Answer ¶¶ 13, 14 (ECF No. 20).  Annett Holdings has not filed its actual pleading, just the statement in its brief.  Even though this is not a judicial admission, Annett Holdings has included its representation in a brief signed by counsel and subject to Rule 11.  Fed. R. Civ. P. 11(b)

7399026, at *3 (M.D. Tenn. Dec. 16, 2020) (Crenshaw, C.J.).  Most recently, another member of of the Western District of Tennessee reached the same result.  *Swift*, No. 2:20-cv-02758-MSN-tmp, Order Granting in Part, Denying in Part Mot. for Summ. J. 11 (Norris, J.) ("This Court finds the analysis set forth in *Ryans* and *Freeman* persuasive and similarly concludes that, based on available data, it is likely the Tennessee Supreme Court would adopt the preemption rule.").

The Court finds this line of authority persuasive and joins other federal courts applying Tennessee law in predicting that the Tennessee Supreme Court would treat *respondeat superior* as an exception to general comparative fault rules.  Under Tennessee law then, a direct negligence claim against an employer is precluded once the employer admits its employee was acting in the course and scope of his employment and effectively concedes its possible liability for the employee's alleged negligence under the doctrine of *respondeat superior*.  Applying this principle in this case means that Defendant's Motion for Partial Dismissal as to the direct negligence claims must be **GRANTED**.

**IT IS SO ORDERED**.

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 4, 2022.

---

(governing representations to the Court in a written submission).